U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

MAR 2 6 2009

ROBERT H. SHEMWELL, CLERK
BY _____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES ROCKETT (#25783-018) | DOCKET NO. 08-CV-1175; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| HARRY LAPIN, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is the *pro se* complaint of Plaintiff James Rockett, filed pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1]. Plaintiff is currently incarcerated at the United States Penitentiary in Jonesville, Virginia; however, he filed this suit while incarcerated in Pollock, Louisiana. Plaintiff names as defendants the Harley Lappin, the Federal Bureau of Prisons (BOP), the Director of the Department of Justice, the U.S. Attorney General, Michael Mukasey, and Joe Keffer. He challenges the constitutionality of the BOP policy that factors the age of an inmate into determining his custody classification level. He also seeks damages and a transfer to another prison.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

**STATEMENT OF THE CASE**

Plaintiff complains that a BOP program statement regarding security designation and custody classification allows the use of age as a factor such that younger inmates receive higher custody level classifications than older inmates.

Plaintiff also alleges that the BOP negligently overlooks his safety concerns. Plaintiff claims that, because he has cooperated with government officials, his safety is at risk. He states that he has been transferred numerous times, but prisoners know of his cooperation, which puts him in danger.

Plaintiff asks that the age category scoring be removed from his custody scoring and removed from any other inmates' scoring. He also seeks a court order to place him in "a setting outside of the U.S. Penitentiary system and place [him] in either a medium custody BOP Prison or a state or private owned prison of [his] choice ... due to family visitation." Plaintiff asks for monetary relief in the amount of $500 per day from the date of implementing the age category in factoring Plaintiff's status.

**LAW AND ANALYSIS**

**1. Frivolity Review**

Plaintiff has been granted leave to proceed in forma pauperis under 28 U.S.C.§ 1915. Under 28 U.S.C. § 1915(e)(2)(B) and §1915A(b)(1), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. See also

Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. Gonzalez v Wyatt, 157 F.3d 1016, 1019 (5th Cir. 1998) citing Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. Doe v. Dallas Independent School District, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. See Horton v. Cockrell, 70 F.3d 397, 400 (5th Cir. 1996)(frivolity); Bradley, 157 F.3d at 1025 (failure to state a claim).

The court is convinced that Plaintiff has presented the best case that could be presented by him and that further amendment of the pleadings would serve no useful purpose. Accepting all of Plaintiff's allegations as true, and giving him the benefit of every doubt, it is recommended for the reasons stated hereinafter that Plaintiff's complaint be dismissed with prejudice.

2. **Custody Classification**

Plaintiff complains that his age was one of the factors in determining his custody status. He also alleges that he should be housed at a different prison or a prison of his choice. In Plaintiff's administrative remedy appeal, the Administrator of National Inmate Appeals informed Plaintiff that the BOP has

observed a direct correlation between inmate age and security issues, and that age is one of the factors used in overall classification of inmates. Plaintiff is classified as a high-security inmate. [Doc. #6, p.8]

Plaintiff does not have a constitutional right to be housed at a particular institution. See Sandin v. Conner, 515 U.S. 472, 484 (1995). Plaintiff cannot select the facility to which he is assigned, even if it would be more convenient for family visits. Additionally, Plaintiff does not have a right to a particular housing assignment within the prison in which he is confined. Thus, to the extent that he complains of being in a segregated unit at USP-Pollock, he has not presented a constitutional claim. In general, inmates do not have any protected property or liberty interest in their custodial classifications. Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999); Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir.), cert. denied, 488 U.S. 985 (1988). Therefore, Plaintiff's complaint regarding his classification level does not present a constitutional claim.

3. **Safety**

Plaintiff complains that it is well-known that he cooperated with government officials; therefore, he is in danger as long as he is housed in a maximum security facility. Plaintiff did not allege, either in his complaint, amended complaint, or memorandum in support, that he was ever attacked by other inmates or even threatened by any inmates at USP-Pollock. Plaintiff presents no

allegations that Defendants were deliberately indifferent to his safety. He does not allege a constitutional violation. See Davidson v. Cannon, 474 U.S. 344 (1986).

## CONCLUSION

For the forgoing reasons, **IT IS RECOMMENDED THAT** Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B).

**Under the provisions of 28 U.S.C. Section 636(b)(1)©) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.**

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 26th day of March, 2009.

JAMES D. KIRK
United States Magistrate Judge